IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GIRLIS HUGH SERRATT, | ) | |
| AIS # 179785, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 2:20-CV-625-RAH |
| v. | ) | |
| | ) | |
| REOSHA BUTLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On July 31, 2023, the Magistrate Judge recommended that summary judgment be entered in favor of the Defendants and this case be dismissed with prejudice. On August 14, 2023, Plaintiff Girlis Hugh Serratt filed Objections (Doc. 59) to the Recommendation (Doc. 58) of the Magistrate Judge.

When a party objects to a magistrate judge's report and recommendation, the District Court must review the disputed portions de novo. 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review requires that the District Court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). If the party does not

object to specific factual findings, the court reviews them only for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Serratt objects to the Magistrate Judge's conclusion that the allegations in the Amended Complaint do not constitute a deliberate-indifference claim. This Court has reviewed the Magistrate Judge's Recommendation and agrees with the findings and analysis.

In addition, Serratt objects on the basis that the Magistrate Judge, he says, failed to address all the claims. Serratt maintains that his Amended Complaint included three separate claims of deliberate indifference, specifically: (1) COVID-positive inmates were transferred from Easterling Correctional Facility to Ventress Correctional Facility; (2) the temperature of the dormitory is high; and (3) prison officials are unable to control gang violence. He asserts that, although the Magistrate Judge addressed his first claim concerning the transfer of COVID-positive inmates, he failed to address the claims related to high temperatures and gang violence.

There is no mention of gang violence in the Amended Complaint. Thus, Serratt's objection on the basis that the Magistrate Judge failed to address this claim is unavailing.

Buried within Serratt's claim that the defendants were deliberately indifferent to his health due to the conditions of confinement during the COVID-19 pandemic, Serratt states that "the temperature in the day gets from 98 to 102 in the dorm"

thereby "creating an incubator" for the spread of disease.  (Doc. 7 at 9.)  To the extent this isolated statement regarding temperature may be read as a standalone claim, Serratt has failed to demonstrate the defendants acted with deliberate indifference.  There is no showing that the defendants were aware of a substantial risk of serious harm to Serratt as the result of high temperatures or that they failed to respond reasonably. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Serratt also objects to the granting of summary judgment because he requested a jury trial.  A jury demand, however, has no bearing on whether summary judgment is proper.

Finally, Serratt submits a new third-party affidavit, which appears to be an attempt to raise new claims.  Serratt's evidentiary materials were due in January 2021.  (Doc. 37.)  A plaintiff "may not 'raise new claims at the summary judgment stage.'" *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1200 (11th Cir. 2015) (citation omitted).  Consequently, the Court will not consider the affidavit at this stage of the proceedings.

Upon this Court's independent review of the record and consideration of the the Objections and Recommendation, it is ORDERED as follows:

1.      The Objections (Doc. 59) are OVERRULED.

2.      The Recommendation (Doc. 58) is ADOPTED.

3.      The Motions for Summary Judgment (Docs. 25, 36) are GRANTED.

4.      This case is DISMISSED with prejudice.

DONE, on this the 20th day of September 2023.

_____

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE